IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MOHAMMED SULIMAN BAH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| KRISTI NOEM, SECRETARY OF | § | SA-25-CV-01770-FB |
| HOMELAND SECURITY, U.S. | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY; TODD LYONS, ACTING | § | |
| DIRECTOR, U.S. IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT; PAMELA | § | |
| BONDI, ATTORNEY GENERAL, U.S. | § | |
| DEPARTMENT OF JUSTICE; MIGUEL | § | |
| VERGARA, DIRECTOR, SAN | § | |
| ANTONIO ICE FIELD OFFICE, U.S. | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT; AND BOBBY | § | |
| THOMPSON, WARDEN, SOUTH | § | |
| TEXAS DETENTION FACILITY; | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Petition for Writ of Habeas Corpus [#1] filed by Petitioner Mohammed Suliman Bah. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#11]. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the Petition be denied without prejudice as premature.

1

## I. Background and Analysis

Petitioner Mohammed Suliman Bah asserts that he is a native of the United Kingdom and not a citizen of any country. Respondents claim he is a native and citizen of Sierra Leone. It is undisputed that Bah entered the United States at the age of eight with his mother and is currently detained in ICE custody at the South Texas Immigration Processing Center in Pearsall, Texas, which is in the Western District of Texas. Bah has been subject to a final order of removal since April 14, 2010. During the intervening years, Bah has not been in continuous detention. He was released on an Order of Supervision on July 13, 2010, but then convicted and sentenced to nine months of confinement and eleven months of supervised probation on May 17, 2011. On September 18, 2012, upon the completion of his criminal sentence, he was again placed in immigration detention. On December 21, 2012, he was again released from detention. However, on May 6, 2014, Bah was convicted of another crime and sentenced to 20 years in prison. On November 20, 2025, he was released from criminal custody and again placed in immigration detention. ICE submitted a travel document request to the Embassy of Sierra Leone on December 5, 2025, which has been received by the Embassy. (Ex. A [#7-1], at ¶¶ 25–26.) At the time of filing of this Petition, Bah had been in continuous detention for less than two months.

By his Petition, Bah asserts that his detention violates due process under the Supreme Court's reasoning in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no significant likelihood of his removal in the reasonably foreseeable future. The Court should deny Bah's Petition as premature. Although Bah has been subject to final order of removal since April 14, 2010, he has not been continuously detained since that time due to multiple orders of release

from detention on an order of supervision and various criminal convictions and periods of criminal custody.

Congress has expressly authorized the detention of noncitizens during the 90-day removal period to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). The Supreme Court has found that the presumptive constitutional limit to the reasonable duration of post-removal detention is six months. *Zadvydas*, 533 U.S. at 701. Bah has not yet been in custody for six months. Therefore, his substantive due process claim under *Zadvydas* and related procedural due process claims are premature. *See Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (affirming dismissal as premature where six months had not passed at time of filing).

The only other claim asserted in Bah's Petition is a violation of 8 C.F.R. § 241.4(f). This provision sets forth the criteria to be considered in evaluating detention beyond the 90-day removal period. Bah argues Respondents failed to weigh these factors in denying his request for release on an order of supervision pending removal. This claim is also premature. Again, at the time Bah filed his Petition, he had not yet been detained for 90 days.

In sum, Bah's Petition should be denied as premature. This denial should be without prejudice to refiling after either (1) Bah has been detained for six months during the current period of detention, or (2) Sierra Leon refuses to issue travel documents.

## II.  Conclusion and Recommendation

Having considered the Petition, the response, and reply, the undersigned recommends that Petition for Writ of Habeas Corpus [#1] be denied without prejudice as premature.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 4th day of March, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE